## 28400. S. S. W. CORPORATION et al. v. SLATON.

GUNTER, Justice. This appeal is from a judgment granting a temporary injunction until further order of the court against the appellants. The temporary injunction prohibited them from continuing the showing of the motion picture "Deep Throat" to theatre audiences in Fulton County.

Appellants sought an order from the trial court superseding the temporary injunction pending a final determination of the case. Supersedeas was denied by the trial court, the effect of such denial being to prohibit the showing of the film during the pendency of the case. Appellants then made a motion in the Supreme Court of Georgia for an order superseding the temporary injunction issued by the trial court, and on October 1, 1973, this court issued its order denying the appellants' application for supersedeas. This court's order of October 1, 1973, is set forth in the appendix to this opinion.

The appellants have now appealed to this court, contending that the trial court's temporary injunction judgment was erroneous. We hold that the granting of a temporary injunction in this case was legally proper, and we affirm the judgment below.

This case began when the district attorney brought an action against the appellants seeking a declaration that the film was obscene and further seeking a temporary and a permanent injunction to prohibit its further exhibition by the appellants within the jurisdiction of the court. This action was filed on September 6, 1973. The appellants filed responsive motions and pleadings and entered into a stipulation of facts with the district attorney on September 10, 1973. On that same date, September 10, 1973, an adversary judicial hearing was conducted by the trial judge. Evidence was introduced, the trial judge personally viewed the film, and argument by counsel for the parties was heard. Following this hearing the trial judge rendered findings of fact and conclusions of law to the effect that the film was obscene as defined by Georgia Law, and he entered a judgment temporarily enjoining further exhibition of the film until further order of the court. Motions by the appellants to supersede this judgment were then denied by the trial judge and by this court (on October 1, 1973) as hereinbefore related.

The appellants now make two basic contentions in this appeal: (1) the Georgia statutes which permit suppression of obscenity by the state are unconstitutional, and (2) the temporary suppression

of a film, prior to a final judicial determination that it is obscene, constitutes "prior restraint" that is violative of First Amendment rights.

## I.

In this case there was no suppression by the state of this film until after an adversary judicial hearing. The appellants stipulated that they had been exhibiting the film, and the film itself was viewed by the trial judge at the hearing. The trial judge then found that this film was obscene pursuant to Code Ann. § 26-2101, that its exhibition constituted a crime pursuant to Code Ann. § 26-2101, and he temporarily enjoined its further exhibition.

In *Slaton v. Paris Adult Theatre I,* 231 Ga. 312 (201 SE2d 456), this court upheld the constitutionality of this Georgia statute after having reviewed it in the light of Miller v. California, 413 U. S. 15 (93 SC 2607, 37 LE2d 419), and other decisions of the Supreme Court of the United States referred to. We now hold again that Code Ann. § 26-2101 is not unconstitutional; the trial judge was duly authorized to use the definition of obscenity contained therein; the exhibition of a film falling within this definition is a crime pursuant to the statute; and the further exhibition of such a film can be enjoined.

## II.

We now turn to the contention that an interlocutory or temporary injunction prohibiting the continued showing of a film, prior to a final judicial determination that the film is obscene, is a "prior restraint" that is violative of First Amendment rights.

"It is now firmly established that 'obscenity' is not protected by the free speech clause of the First Amendment and may be regulated by the state. [Cits.]" *Slaton v. Paris Adult Theatre I,* 231 Ga. 312, supra, p. 314.

In this case the temporary injunction was not entered on the basis of mere "probable cause" that the film was obscene. An adversary judicial hearing was conducted by a trial judge, he viewed the film itself, and he determined that the film was obscene within the meaning of Georgia law. He then entered a temporary injunction prohibiting the further showing of the film until further order of the court. A trial judge is authorized to perform this function under the law of Georgia, and we hold that what occurred in this case amounted to an interlocutory judicial determination that the film was obscene. An interlocutory judicial determination that material is obscene is not the

equivalent of "probable cause" that material may be obscene.

We acknowledge that interlocutory judicial restraint with respect to a First Amendment claim must be reasonable and should be followed as promptly as is practicable by a final judicial determination of First Amendment issues. We tried to say this as plainly as we knew how in this court's order of October 1, 1973, denying the motion for supersedeas in this case (see appendix).

But for this court to hold that a film, judicially determined to be obscene at a preliminary hearing, cannot be suppressed during the pendency of the litigation as to whether it is obscene or not would effectively deny the state the right to suppress the showing of an obscene film. This is so because without the possibility of interlocutory prohibition, a film, ultimately adjudged to be obscene, could be shown during the many months and years of trial and appellate litigation permitted by our system before a judgment is absolutely final.

Obscenity is not protected by the First Amendment, and after a preliminary judicial determination that material is obscene, such material is not protected during the course of the litigation on its way to a final judgment. In short, we hold that interlocutory judicial restraint of obscene material, with adequate provision being made that First Amendment claims can proceed to final judgment at the earliest practicable date is not violative of First Amendment rights.

Such safeguards were accorded to the appellants in this case by this court's order of October 1, 1973 (see appendix).

The judgment rendered by the trial court was correct.

*Judgment affirmed. All the Justices concur.*

ARGUED NOVEMBER 15, 1973 — DECIDED FEBRUARY 18, 1974.

*Elizabeth R. Rindskopf, John R. Myer, Glenn Zell, Tobias Simon, Elizabeth du Fresne,* for appellants.

*Lewis R. Slaton, District Attorney, Carter Goode, Morris H. Rosenberg, Thomas R. Moran, Jr.,* for appellee.

APPENDIX.

ORDER ON SUPERSEDEAS APPLICATION.

PER CURIAM. The defendants below have moved in this court for an order superseding an order entered in the trial court temporarily enjoining the defendants from showing the motion picture "Deep Throat" within the jurisdiction of the trial court pending a final determination in the trial court whether a permanent injunction should or should not be entered.

The temporary injunction sought to be superseded here was entered by the trial court only after an adversary judicial hearing. The trial judge made a preliminary judicial determination that the film is obscene-pornographic as defined by Georgia law, and he therefore temporarily enjoined the defendants from further displaying the film until further order of the trial court.

The purpose of the movant's motion here is to have this court supersede that temporary injunction so as to permit the continued showing of the film pending a final judgment in the case.

Action by the state that may constitute "prior restraint" against material that may or may not be protected by the First Amendment is not favored. However, prior judicial restraint, after an adversary hearing, is constitutionally permissible if the material alleged to be protected by the First Amendment is material that is alleged to be obscene and pornographic. But even in such a case prior judicial restraint of a temporary nature must be followed by a final determination of First Amendment issues at the earliest practicable date following the entry of a temporary injunction. Such a reasonable procedure is necessary in order to avoid prior restraint of a temporary nature being used to prolong the final and permanent determination of First Amendment issues raised.

This court therefore declines to grant the motion for supersedeas in the instant case; but the trial court is directed to place the case at the head of the trial calendar and proceed with a trial that will lead to a final judgment at the earliest practicable date.

If a final judgment in the case has not been entered by the trial court within sixty days from the date of this order, then this court will entertain a second motion on the part of the defendant seeking an order by this court to supersede the temporary injunction entered by the trial court.

The clerk of this court shall serve a copy of this order upon counsel for the parties and upon the trial judge in the court below.

It is so ordered.